IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **SHENZHEN KE XIU TECHNOLOGY CO. LTD,**<br><br>　　　　　**Plaintiff,**<br>**v.**<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>　　　　　**Defendants.** | **Civil Action No. 1:25-CV-1915** |

## VERIFIED COMPLAINT

Plaintiff Shenzhen Ke Xiu Technology Co., Ltd. ("Shenzhen"), by its undersigned counsel, hereby brings the present action for patent infringement, against the Unincorporated Associations Identified in Schedule A ("Defendants").

### THE NATURE OF THIS ACTION

1.  Shenzhen brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 11,728,602 B2 ("the '602 Patent") titled "Connector and Cable with Connector". The '602 Patent protects an electronic connector that includes a first terminal head and a second terminal head that are detachably connected. A true and correct copy of the '602 Patent is attached as Exhibit A.

### THE PARTIES

2.  Plaintiff is a Chinese limited liability company doing business in Shenzhen,

Guangdong, China and maintains a principal place of business at 13A, Mingzhu Business Building, No. 862 Meilong Ave., Longhua Street, Longhua New District, Shenzhen, China. Plaintiff is the exclusive licensee of the '602 Patent with the right to enforce the '602 Patent.

3. Upon information and belief, Defendants are related and/or affiliated individuals or companies that have collectively engaged in the illegal conduct alleged herein, and have enriched themselves, while Plaintiff has suffered enormous financial injury.

4. The Defendants are seller stores on Amazon.com, and the entities that own the seller stores are all believed to reside in a foreign jurisdiction, namely China. Defendants sell infringing USB products ("Accused Products") on the Amazon.com platform to consumers in the United States and in Virginia through interstate commerce). Defendants' Accused Products infringe the '602 Patent and are in direct competition with Plaintiff's patented magnetic USB connector. A list of Accused Products sorted by Defendant and each Defendant's Amazon.com product numbers are included in the Schedule A attached to this Complaint.

5. Since the Amazon.com retail platform does not require the true names and contact information of sellers to be posted publicly, sellers may publicly use fictitious names and the public seller names used on online retail stores are unreliable.

6. Defendants conduct their operations through fully interactive commercial websites hosted on the Amazon.com Internet retail platforms' storefront webpages ("Infringing Webstore"). The Defendants target consumers in the United States, including those in the State of Virginia, and have offered to sell and, on information and belief, has sold and continues to sell Accused Products that practice the claims of the '602 Patent to consumers within the United States, including those the State of Virginia and the Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon

"Prime" online order system for delivery by an Amazon Prime delivery vehicle in this district.

7. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their assets so as to evade any enforcement of potential Court Order with damage award to Plaintiff for infringing the '602 Patent. Moreover, Defendants may also conceal the full scope of their infringing operation in an effort to deter Plaintiff from learning Defendants' true scope of patent infringement and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. §§ 1338(a) and 1331.

9. This Court has personal jurisdiction over Defendants, and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants are non-U.S. entities, located in China, and have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in Virginia, including by providing Accused Products and services to the residents of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the

Accused Products would be used within Virginia and have solicited business from the residents of Virginia using the Amazon.com e-commerce platform.

10. Alternatively, this Court has personal jurisdiction over these non-U.S. based Defendants because they have supplied the Accused Products into commerce in the United States and this district and under the Federal Long Arm Rule, FRCP 4(k)(2):

> 4(k) Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

11. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against a non-U.S. based Defendant as well as any judicial district in any state to which it is subject to personal jurisdiction.

## BACKGROUND AND GENERAL ALLEGATIONS

12. Plaintiff is a manufacturer with heavy investment in research and development in magnetic connectors and data cables. It has been manufacturing and selling magnetic connectors and data cables since 2015. Over the past nine years Plaintiff has developed different types of magnetic connectors ranging from using a popping magnet to using a manet-spring mechanism, as well as an industry-standard type c magnet. Plaintiff has filed and/or obtained more than 100 patents in China related to magnetic connectors and data cables.

13. The Plaintiff's R&D efforts result in Plaintiff's commercial success in

marketing and selling its patented USB connector to consumers in the United States. Plaintiff's USB connector sold under the '602 Patent have attractive uses and benefits to uses, such as being able to separate the USB tip and leave it in a computer or mobile phone, and connect the charger or data cable by magnets, thereby avoiding the need to constantly insert and remove the traditional USB connector. The Plaintiff's products' functional designs, and their popularity with customers attracts infringers like the Defendants.

14. In the past few years, Plaintiff Shenzhen has instituted a campaign to police knock-off and infringing products in China. As a result of its efforts, Plaintiff has nearly continuously fought to keep infringing products off the Chinese market via enforcement of its intellectual property rights in Chinese courts. As its products enter the U.S. market, Plaintiff has expanded its intellectual property enforcement efforts against infringing products by filing and obtaining U.S. patents to protect its products in this domestic market.

15. Specifically related to this action, Plaintiff applied for the '602 patent in the U.S. for which one embodiment protects the type C USB structure magnetic connector. Plaintiff also directly sells, domestically and internationally, including within the Eastern District of Virginia ("Plaintiff's Products"), USB-C magnetic connectors that are commercial embodiments made under the '602 patent. As a result of the success of Plaintiff's Products, Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. Plaintiff has not authorized or licensed any party in the marketplace or named in this action to import, offer to sell, or sell products made according to the claims of the '602 Patent.

16. Plaintiff maintains quality control standards for all of its products sold under the

'602 Patent. Genuine Plaintiff's Products are sold directly by Plaintiff to consumers through online sales platforms such as Amazon.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's Products via legitimate webstores represented a significant portion of Plaintiff's business.

17. After the Accused Products from the Defendants flooded the market, Plaintiff's sales have been severely and irreparably damaged by Defendants' counterfeits. For its products on the Amazon.com net sales have decreased, and Plaintiff has had to lower its retail prices on its USB products to stay competitive.

18. Upon information and belief, the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce platforms. For example, seller on Amazon.com purchases Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores.

**THE PATENT**

19. On August 15, 2023, United States Patent No. 11,728,602, entitled "Connector and Cable with Connector" was duly and legally issued by the USPTO. The '602 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff is the exclusive owner of the '602 Patent by assignment and has the right to bring this suit for injunction and damages, including the right to sue and recover all past, present, and future damages for infringement of the '602 Patent. Defendants are not licensed to the '602 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '602 Patent whatsoever. A true and correct copy of the '602 Patent is attached hereto as Exhibit A.

20. The Defendants are not licensed to the '602 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '602 Patent whatsoever.

21. The '602 Patent is presumed valid under 35 U.S.C. § 282.

22. The claims of the '602 Patent are directed to an electronic connector. The '602 Patent contains nineteen claims directed to the device, where claim 1 is the sold independent claim. Claim 1 of the '602 Patent recites:

> 1. A electronic connector, comprising a first terminal head and a second terminal head, the first terminal head and the second terminal head being detachably connected,
> the first terminal head comprising a plurality of first pins and a fixing member,
> the fixing member comprising an upper fixing element and a lower fixing element;
> the plurality of first pins being respectively fixed on the upper fixing element and the lower fixing element, a part of the plurality of first pins passing through the upper fixing element, and the other part of the plurality of first pins passing through the lower fixing element;
> when the first terminal head and the second terminal head are connected, wherein one end of each first pin is electrically connected to the second terminal head, and the other end thereof is electrically connected to an external device;
> the first terminal head further comprising a protective shell and an integration part which is connected to an end of the protective shell close to the fixing member;
> the integration part defining a plurality of seating grooves corresponding to the plurality of first pins, and the plurality of first pins being disposed in the multiple of seating grooves; and being in a position to make electrical and mechanical contact with pins of the second terminal head.

## INFRINGEMENT

23. Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, the claims of the '602 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

24. Defendants manufacture, import, offer to sell, and sell various electronic connectors that include a first terminal head and a second terminal head. These devices are sold on the Amazon.com platform using Infringing Webstores.

25. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the '602 Patent. The Accused

Products all use basically the same first terminal head, which is the part that can fit into a USB-C slot in a computer or smartphone. Figure 1 of the '602 Patent illustrates an embodiment of the first terminal head 1 and the second terminal head 2.



FIG. 1

26. Figure 2 of the '602 Patent illustrates an exploded view the internal parts of an embodiment for a first terminal head 1, which includes a fixing member 11 that itself includes upper fixing element 111 and lower fixing element 112. Reference 12 points to the first pins, reference 16 points to an integration part, and reference 15 points to a housing.



FIG. 2

27.     Figure 3 illustrates an embodiment of the fixing member 11, with the upper fixing element 111 and the lower fixing element 112 shown in closer detail.



FIG. 3

28.     The second terminal head can come in one of three different configurations: straight, elbow and U-shaped, that all function the same with respect to the first terminal head. Regardless of the second terminal head configuration, each Accused Product includes all of the claimed elements: a first terminal head and a second terminal head that are detachably connected, and a plurality of first pins and a fixing member in the first terminal head having an upper fixing element and a lower fixing element.

29.     The Accused Products are infringing devices and thus directly infringe '602 Patent claims 1 – 18. The Accused Products include a first terminal head and a second terminal head that are detachably connected, and a plurality of first pins and a fixing member in the first terminal head having an upper fixing element and a lower fixing element that function in the

same way and thus directly, and indirectly by inducement, infringe claims 1-18 of the '602 Patent.

30. Exhibit B includes a list of Defendants and Accused Products that infringe the '602 Patent either directly or under the doctrine of equivalents as well as exemplary claim charts and examples that demonstrate the correspondence of the Accused Products with elements of claim 1 of the '602 Patent. The charts are submitted to show how each element of claim 1 reads on Defendants' Accused Products either literally or under the doctrine of equivalents. Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions. Plaintiff contends that each of the Defendant's other Accused Products infringe the '602 Patent in the same manner as the products charted in Exhibit B.

31. Upon information and belief, Defendant has directly infringed the claims of the '602 Patent under 35 USC §271(a) by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States. Defendants continue to manufacture, use, offer to sell, sell, and import Accused Products.

32. Defendants do not have a license or authority to import, make, use, offer to sell, or sell goods under the '602 Patent. Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

33. Plaintiff has marked products sold under its patent with notices of the '602 Patent.

34. As a result of Defendants' infringement of the '602 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

35. Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '602 Patent in connection with the advertisement, offer for sale, and sale of

the Accused Products, through, *inter alia*, the Internet. The Infringing Webstores offer shipping to the United States, including Virginia and, on information and belief, Defendants have sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com.

36. The Defendants have been willfully infringing the '602 Patent since at least as early as they each became aware of the patent. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

37. Many sellers on Amazon.com go to great lengths to transfer their sales proceeds out of the jurisdiction of the any Court in the United States. Upon information and belief, Defendants constantly transfer their sale's proceeds out of the United States. Defendants regularly create new Webstores on the Amazon.com platform using fictitious seller identities, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by Amazon sellers to conceal their assets and to evade the execution of any judgment award from U.S. Courts for intellectual property infringement. Upon information and belief, Defendants conceal their assets and will continue to conceal their assets for the purpose of evading any damage award by a U.S. Court for patent infringement, unless preliminarily and permanently enjoined.

38. Plaintiff has no adequate remedy at law.

## COUNT ONE
**(Infringement of United States Patent No. 11,728,602)**
**[35 U.S.C. § 271]**

39. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

40. 28. Plaintiff is the exclusive licensee of the '602 Patent with the right to

enforce the '602 Patent, with the sole and exclusive right to prosecute this action and enforce the '602 Patent against infringers, and to collect damages for all relevant items.

41. Defendants have, either alone or in concert, infringed directly or by the doctrine of equivalents, and continue to directly infringe, the claims 1-18 of the '602 Patent by making, using, offering to sell, selling and importing the Accused Products in the United States in violation of 35 U.S.C. § 271(a).

42. As evidenced in the claim charts of Exhibit B, the Accused Products from Defendants meet each and every element of the '602 Patent claims, either literally or via doctrine of equivalents.

43. Defendants' infringement of the '602 Patent is willful as the Accused Products are copies of the Plaintiff's patented USB product.

44. As a result of Defendants' infringement of the '602 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined.

45. As a direct and proximate consequence of Defendants' infringement of the '602 Patent, Defendants have caused substantial monetary loss and irreparable harm and damage to Plaintiff, its business, its reputation and impairment of its valuable rights in and to the '602 Patent. Plaintiff has no adequate remedy at law, and unless immediately enjoined, Defendants will continue to cause such substantial and irreparable injury, loss and damage to Plaintiff through infringement Plaintiff's rights to the '602 Patent. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants, as follows:

A. A judgement that Defendants' acts constitute patent infringement under the cause of action asserted in this Complaint;

B. An order preliminarily, and a judgment permanently, enjoining and restraining Defendants, their officers, agents, subsidiaries, servants, partners, employees, attorneys, and all others in active concert or participation with Defendants pursuant to 35 U.S.C. § 283, from:

   i. infringing any claim of the '602 Patent; and

   ii. assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the aforementioned activities.

C. A judgment requiring Defendants to, at Defendants' expense, withdraw from the market, account for, and properly destroy any and all Accused Products;

D. A judgment requiring that Defendants pay Plaintiff all of their damages caused by Defendants' unlawful acts with prejudgment and post-judgement interest, as well as post-trial damages for any ongoing infringing acts;

E. A judgment awarding Plaintiff its reasonable attorneys' fees, costs, disbursements, and interest, as provided by law, including as provided by 35 U.S.C. § 285;

F. A judgment awarding Plaintiff a complete accounting of all revenue and profits derived by Defendants from the unlawful conduct alleged herein;

G. Such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims so triable.

Date: October 31, 2025						Respectfully submitted,

  /s/    Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: *Deng Shu yuan*
CEO, Shenzhen Ke Xiu Technology Co., Ltd